Mary Luginbuhl v. Commissioner.
Luginbuhl v. Commissioner
Docket No. 20865.
United States Tax Court
1949 Tax Ct. Memo LEXIS 40; 8 T.C.M. (CCH) 968; T.C.M. (RIA) 49264; October 28, 1949
L. R. Bloomenthal, Esq., for the respondent. Clyde W. Osborne, Central Tower, Youngstown, Ohio, for the petitioner. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined that there are deficiencies in income tax and penalties due from the petitioner as follows: 25%
50%
Year
Deficiencies
Penalty
Penalty
1942
$ 264.08
$ 66.02
$132.04
1943
222.49
55.62
111.25
1944
485.00
121.25
242.50
1945
696.00
174.00
348.00
1946
936.32
234.08
468.16
1947
1,373.51
343.38
686.76
The petitioner filed a petition with this Court in which she alleged that the respondent had erred in his determinations with respect to the amount of her taxable income in the years *41 1942 through 1947. Thereupon, this proceeding was set for trial in Cleveland, Ohio, and due notice thereof was sent to the petitioner. The petitioner failed to appear, and no representative appeared in her behalf. No evidence was presented for the petitioner who has the burden of proving that the respondent's determinations with respect to the amounts of the petitioner's income in the taxable years involved were incorrect. Therefore, for failure of proof, the respondent's determinations as to the amounts of the tax deficiencies must be sustained. The respondent, in his answer, made the affirmative pleading that the petitioner, with intent to evade tax, willfully failed to file Federal income tax returns for the years 1942 to 1947, inclusive, and that part of the deficiency for each year is due to fraud with intent to evade tax. At the trial of this proceeding, the respondent, under his burden of proof under the fraud issue, presented evidence. From the record so made, the following facts are found. Findings of Fact The petitioner was a resident of Alliance, Ohio, at the time the notice of deficiency was mailed to her by the respondent and had resided there since about 1938. *42 The petitioner, upon the plea of "guilty," was convicted of the crime of abortion in January, 1949, and sentenced to confinement in the Ohio Reformatory. The petitioner was engaged in the illegal business of performing abortions during the taxable years. She kept records of the payments which she received from clients. The petitioner's gross income in each of the taxable years was as follows: Year
Amount
1942
$1,951.50
1943
1,539.00
1944
2,893.00
1945
3,801.00
1946
5,560.00
1947
7,286.00
Prior to her departure for the Ohio Reformatory, the petitioner admitted to a Deputy Collector of Internal Revenue that she had not filed income tax returns for the taxable years, and that she should have filed returns. Jeopardy assessments of the deficiencies and penalties have been made, but no part of the assessments has been paid. The failure of the petitioner to file returns for the taxable years, as required by law, was due to willful neglect. Part of the deficiency for each taxable year is due to fraud with intent to evade tax. Opinion The petitioner failed to prosecute the proceeding which she instituted in this Court whereby she sought to have redetermination *43 made of her income tax liability for each of the taxable years. Consequently, judgment will be entered for the respondent in the amounts of the deficiencies which he has determined for each taxable year. The respondent's determination under section 291(a) of the Internal Revenue Code that 25 per cent of the deficiency for each year should be added to the deficiency as a penalty for failure to file a return for each year is sustained. Petitioner's failure to file a return for each year was due to willful neglect. Under section 293(b) of the Code, a penalty shall be imposed, of 50 per cent of the deficiency, if part of the deficiency is due to fraud with intent to evade tax. The respondent has introduced evidence under his burden of proof, which shows that the petitioner received income in each of the years in question which she was required by law to report for Federal tax, and that, nevertheless, she failed to report such income, with intent to evade tax, in each of the taxable years. Therefore, the 50 per cent fraud penalty properly has been added to the deficiency for each year. All of the respondent's determinations are sustained. Decision will be *44 entered for the respondent.